Whaley, Judge,
delivered the opinion of the court:
This case was submitted without argument and no briefs were supplied by either side. All the facts have been stipulated. It is apparent from the agreed facts that the contractor was justified in declining to perform the extra work required by the contracting officer until a change order in writing was given by the contracting officer, as provided in Article 3 of the contract. The extra work arose from an emergency occasioned by an unprecedented rainfall which justified the suspension of the work by the contractor. The contracting officer consented to the suspension of the work.. The requirement by the contracting officer of the resumption of the work under changed conditions which entailed purchasing and furnishing entirely different equipment than that contemplated by the contract, a radically different method of work, and the taking of material from a more remote location, was such a material change in the terms of the contract as to entitle the contractor to a written change order under Article 3. The refusal to give a change order in writing was a breach of the contract.
*573 It is stipulated that “after allowing all claims and demands of the Government” the plaintiff is entitled to recover $12,500 if the defendant is liable.
The plaintiff is entitled to recover. Judgment will be entered for the plaintiff in the sum of $12,500. It is so ordered.
Williams, Judge; LittletoN, Judge; GkeeN, Judge; and Booth, Chief Justice, concur.